{¶ 19} Although I concur with the majority, I am writing separately to clarify an issue regarding appellant's third assignment of error. The majority correctly indicates that the Sixth Amendment right to counsel applies only to the critical stages of the proceedings against the accused and the right does not attach to the performance of a breathalyzer test. However, V.S. had a statutory right to consult with counsel pursuant to R.C. 2935.20, which states, in relevant part:
"After the arrest, detention, or any other taking into custody of a person, with or without a warrant, such person shall be permitted forthwith facilities to communicate with an attorney at law of his choice who is entitled to practice in the courts of this state, or to communicate with any other person of his choice for the purpose of obtaining counsel. Such communication may be made by a reasonable number of telephone calls or in any other reasonable manner. Such person shall have a right to be visited immediately by any attorney at law so obtained who is entitled to practice in the courts of this state, and to consult with him privately. No officer or any other agent of this state shall prevent, attempt to prevent, or advise such person against the communication, visit, or consultation provided for by this section."
 {¶ 20} R.C. 2935.20 has been interpreted to require police to allow consultation with counsel prior to administering the breathalyzer test.State v. Downing (Mar. 22, 2002), 2d Dist. No. 2001-CA-78. Furthermore, the statute provides that the arrestee may contact any other person in order to obtain an attorney. As a minor would necessarily have to contact a parent in order to consult with an attorney, a minor should be permitted to contact a parent upon being arrested and prior to the administration of a breathalyzer est.